**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ROSHONDA SHALEICA TIMMS,** | ) | |
| **#1335270,** | ) | |
|       Petitioner, | ) | |
| | ) | |
| v. | ) | 3:06-CV-1073-N |
| | ) | ECF |
| **NATHANIEL QUARTERMAN, Director,** | ) | |
| **Texas Department of Criminal Justice,** | ) | |
| **Correctional Institutions Division,** | ) | |
|       Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a petition for habeas corpus relief brought by a state prisoner pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is currently confined at the Dawson State Jail of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) in Dallas, Texas. Respondent is the Director of TDCJ-CID. The Court has not issued process, pending preliminary screening.[1]

Statement of the Case: Petitioner pled guilty to credit card abuse in the 296th District Court of Collin County, Texas, in Cause No. 296-81623-01. (Petition (Pet.) at 3). In October

---

[1] This action was initially filed in the United States District Court for the Southern District of Texas, Houston Division, which in turn transferred it to this Court.

2005, the District Court sentenced her to 11 months imprisonment. (Id. at 4). Petitioner did not appeal. (Id.).

In this action, filed on May 30, 2006, Petitioner seeks pre-sentence jail time credits of forty-eight days, from July 27 until September 14, 2005. (Pet. at 7).

Prior to filing this action, Petitioner filed a Motion for Judgment Nunc Pro Tunc in the convicting court, requesting that she be given a credit for the pre-sentence jail time she served. (Pet. at 6).

Findings and Conclusions: It is well settled that a state prisoner must exhaust all available state court habeas corpus remedies before a federal court will consider the merits of his claims. 28 U.S.C. § 2254(b) and (c). The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings." Rose v. Lundy, 455 U.S. 509, 518 (1982).

A motion for judgment nunc pro tunc is the appropriate remedy for seeking pre-sentence jail time credit before the expiration of the presumptive discharge date. See Ex parte Ybarra, 149 S.W.3d 147, 148 (Tex. Crim. App. 2004) (per curiam). "If the trial court fails to respond, [a]pplicant is first required to seek relief in the Court of Appeals, by way of petition for a writ of mandamus, unless there is a compelling reason not to do so." Id. at 149 (citing Padilla v. McDaniel, 122 S.W.3d 805 (Tex. Crim. App. 2003) (when a court of appeals and this Court have concurrent, original jurisdiction of a petition for writ of mandamus against the judge of a district or county court, the petition should be presented first to the court of appeals unless there is a compelling reason not to do so)).

A review of the petition reflects that Petitioner has not satisfied the exhaustion requirement. While she alleges filing a motion for judgment nunc pro tunc in the convicting court, she fails to state when it was filed or how long it has been pending. Moreover, a search of the Texas Court of Criminal Appeals and Fifth District Court of Appeals web sites reflects that Petitioner has not filed a petition for writ of mandamus in either state court. Accordingly, the petition for a writ of habeas corpus should be dismissed without prejudice for failure to exhaust state habeas corpus remedies. See Rose v. Lundy, *supra*.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be dismissed without prejudice for failure to exhaust state court remedies.

A copy of this recommendation will be mailed to Petitioner.

Signed this 27th day of June, 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.